**A. A. COOKE** & another *vs.* **G. W. HALLETT** & another & trustee.

Suffolk.   November 15, 1874.   WELLS & ENDICOTT, JJ., absent.

A. delivered to B. a certificate of stock in a corporation as collateral security for a debt. B. thereupon surrendered the certificate to the corporation, and took out a new certificate in his own name as trustee. A. paid the debt, and B. delivered the certificate to A. and gave him a power of attorney, irrevocable in its terms, but not naming any attorney, to transfer the stock. After this, and before the stock was transferred on the books of the corporation, B. was summoned as trustee of A. in a process of foreign attachment. *Held*, that he could not be charged.

TRUSTEE PROCESS.   Julius A. Palmer, summoned as trustee on January 31, 1874, answered, denying that, at the time of service upon him, he had in his hands and possession any goods, effects or credits of the principal defendants. The plaintiffs thereupon filed interrogatories to the trustee, and the material portions of his answers thereto were as follows :

On November 6, 1873, Charles W. Sweetland, one of the principal defendants, borrowed $500 of Palmer, giving his note therefor, payable in thirty days, and at the same time placed in Palmer's hands, as collateral security for the payment of said note, certificates of 254 shares of the capital stock of the Star Tool Company, a corporation existing under the laws of the State of Connecticut. These shares stood in the names of I. G. Gates

and W. L. Hayden, and Palmer delivered up the certificates to the company, and took out an absolute certificate therefor, in the name of "Julius A. Palmer, trustee," and held the same until December 6, 1873, when Sweetland paid his note, and Palmer surrendered to Sweetland the said certificate, and gave him at the same time a power of attorney, irrevocable in its terms, but not naming any attorney, to transfer the stock.

On December 31, 1873, "Julius A. Palmer, trustee," transferred on the books of said company 100 shares of said stock to B. D. Washburn, and on February 9, 1874, 70 of said shares to N. B. Stevens, and 84 of said shares to B. D. Washburn. Said transfers were made under the said power of attorney, without the knowledge or collusion of Palmer. No notice was given to the company by Palmer of his surrender to Sweetland of the certificate of stock standing in Palmer's name, nor of his giving Sweetland the power of attorney.

The following by-law of the Star Tool Company was in force during all the time covered by the transfers hereinbefore named : " Shares of the capital stock may be transferred by the holder thereof, or by his attorney or legal representative, only upon the transfer books of the corporation. In every such transfer, the certificate previously issued shall be delivered up and affixed to the original certificate book in the place from whence taken, and a new certificate or certificates shall thereupon be issued, and no transfer shall be complete and valid until the new certificate is thus issued."

In the Superior Court the principal defendants were defaulted, and the plaintiffs moved that the trustee be charged on his answers. *Wilkinson*, J., ordered that the trustee be discharged, and the plaintiffs appealed.

*H. Baylies*, for the plaintiffs.

*G. H. Poor*, for the trustee, was not called upon.

BY THE COURT. The trustee took and held the shares as collateral security only for the debt due him from the principal defendant. After he had been paid that debt, and had delivered up the shares to the defendant, he had no goods, effects or credits of the defendant in his hands.

*Judgment discharging trustee affirmed.*